J-S38020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD ERIC WILKINSON | : | |
| | : | |
| Appellant | : | No. 573 EDA 2023 |

Appeal from the PCRA Order Entered February 28, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010593-2015

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:            **FILED DECEMBER 14, 2023**

Edward Eric Wilkinson appeals from the denial of his first, timely petition filed under the Post Conviction Relief Act (PCRA).  42 Pa.C.S.A. §§ 9541–9546.  We affirm.

The case arose on the evening of August 6, 2015, at the Philadelphia home of Kenyata Brown and Khadija Warren.  (Ms. Warren is a cousin of Mr. Wilkinson's wife Sebrena Wilkinson.)  Aleya and Shabira Perry (Ms. Wilkinson's adult daughters) had an argument with Ms. Warren, which escalated to striking Ms. Warren with fists and a metal stick.  Mr. Brown pulled them apart.

Shabira Perry called her mother, and Mr. and Ms. Wilkinson drove to the scene.  Ms. Wilkinson swung at Ms. Warren, and Mr. Wilkinson pulled out a gun and shot Mr. Brown in the leg.  The Wilkinsons drove away with Aleya and

_____

[*] Retired Senior Judge assigned to the Superior Court.

Shabira Perry in a white Mercedes. Ms. Warren called 911 and described the shooter. On the way to the hospital, she identified the shooter as Mr. Wilkinson. Mr. Brown, after first being reluctant to cooperate, later identified the shooter as Mr. Wilkinson.

Mr. and Ms. Wilkinson were tried together beginning on October 24, 2017. The jury found Mr. Wilkinson guilty of aggravated assault, carrying a firearm without a license, possessing an instrument of crime, and recklessly endangering another person.[1]

On January 10, 2018, Wilkinson was sentenced to an aggregate term of six to twenty years of incarceration followed by two years of probation. Wilkinson timely appealed. On direct appeal, this Court affirmed Wilkinson's judgment of sentence. ***Commonwealth v. Wilkinson***, 248 A.3d 472 (Pa. Super. 2021) (non-precedential decision). The Supreme Court of Pennsylvania denied discretionary review. ***Commonwealth v. Wilkinson***, 259 A.3d 887 (Pa. 2021).

On October 1, 2021, Wilkinson filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed an amended PCRA petition on March 15, 2022. The amended petition included, among other issues, seven claims that Wilkinson's trial counsel had been ineffective. The Commonwealth filed a response on July 18, 2022.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 6106(a)(1), 907(a), and 2705, respectively. The jury found Ms. Wilkinson guilty of simple assault.

On February 7, 2023, the PCRA court entered a notice of its intent to dismiss Wilkinson's petition without a hearing under Pennsylvania Rule of Criminal Procedure 907. The PCRA court dismissed the petition on February 28, 2023.

Wilkinson filed a timely notice of appeal on March 3, 2023. The PCRA court did not direct Wilkinson to file a concise statement of errors complained of on appeal. On March 27, 2023, the PCRA court entered an opinion in compliance with Pennsylvania Rule of Appellate Procedure 1925(a).

Wilkinson frames his appellate issues as follows:

Whether the PCRA court erred in denying [Wilkinson's] PCRA petition without an evidentiary hearing on the issues presented in the amended PCRA petition:

1. Whether trial counsel was ineffective for failing to object to admission into evidence as prejudicial the firearms seized from [Wilkinson's] home?

2. Whether trial counsel was ineffective for failing to request discovery from the Commonwealth?

3. Whether trial counsel was ineffective for failing to litigate pretrial identification motions?

4. Whether trial counsel was ineffective for failing to object to hearsay evidence?

5. Whether trial counsel was ineffective for failing to object to the complainant reviewing text messages during her testimony?

**See** Wilkinson's Brief at 7.

This Court reviews the denial of a PCRA petition to determine whether the PCRA court's ruling is supported by the record and free of legal error. **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa. Super. 2018) (citation

- 3 -

omitted). A PCRA court may dismiss a petition without a hearing if there are no genuine issues about any material fact, the defendant is not entitled to relief, and no purpose would be served by further proceedings. Pa.R.Crim.P. 907(1). For this Court to reverse the denial of a hearing, a PCRA petitioner "must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012) (citation omitted).

For a claim of ineffective assistance of counsel, a PCRA court may deny a hearing if, upon review, the court is satisfied that the claim is meritless. *See id.* at 1115. An ineffectiveness claim requires a PCRA petitioner to "plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citing *Commonwealth v. Pierce*, 527 A.2d 973, 975–76 (Pa. 1987)). To prove prejudice, "a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). A reviewing court does not need to address the elements of ineffective assistance in any particular order; we may first analyze any element that a PCRA petitioner is

unable to satisfy. *Id.* The failure to satisfy any element causes a claim of ineffectiveness to fail. *Parrish*, 273 A.3d at 1003 n.11.

Here, the PCRA court did not hold an evidentiary hearing based on its determination that Wilkinson's claims lacked merit. Rule 907 Notice, 2/7/23, at 1–6. We will therefore determine, for each claim maintained on appeal, whether the PCRA court properly determined that there were no genuine issues of material fact and that Wilkinson was not entitled to relief.

Wilkinson's first ineffectiveness claim stems from the admission at trial of firearms and ammunition that were seized from his home but were not used in the shooting. Trial counsel objected on relevance grounds. On direct appeal, this Court ruled that the weapons met the threshold for relevant evidence. *Wilkinson*, 248 A.3d 472, 2021 WL 72379, at *8–9. We observed that Pennsylvania law generally disfavors the admission into evidence of weapons that were not used in the crime being prosecuted. *Id.* at *8 (citing *Commonwealth v. Robinson*, 721 A.2d 344, 351 (Pa. 1998)). However, we concluded that trial counsel's failure to object based on prejudice resulted in Wilkinson waiving any claim that the firearms were unduly prejudicial. *Id.*

Wilkinson contends that trial counsel was ineffective for failing to object to the admission of the firearms based on prejudice. He notes that the gun used to shoot Mr. Brown was never recovered, and all the weapons introduced at trial were legally owned. Wilkinson asserts that the evidence prejudiced him because the Commonwealth used it to imply to the jury that he was involved in the shooting because he was a gun owner.

The PCRA court found that Wilkinson had not shown that trial counsel's error prejudiced him:

> Two people who knew [Wilkinson] (who is the husband of Ms. Warren's cousin) positively identified him as the shooter. The Commonwealth proved that he owned a gun of the caliber used to shoot [Mr. Brown]—a gun that was not located. He also owned a car that matched the description of the shooter's getaway car. He also had a motive, if he believed that [Mr. Brown] participated in a physical assault on his wife's daughters. Therefore, while the introduction of these unrelated guns is disfavored under the law, [the PCRA court] cannot agree that [Wilkinson] has demonstrated a reasonable probability of a different outcome had they not been introduced.

PCRA Court Opinion, 3/27/23, at 6–7 (citing **Wilkinson**, 248 A.3d 472, 2021 WL 72379, at *1 n.2, regarding Wilkinson's motive).

We agree with the PCRA court's analysis. Even if Wilkinson had successfully precluded this evidence from admission at trial, the remaining evidence identifying him as the man who shot Mr. Brown was substantial. **See Robinson**, 721 A.3d at 352 (finding that erroneous admission of an unrelated gun at trial was harmless, given the evidence of guilt). Therefore, Wilkinson did not sufficiently establish prejudice, and the PCRA court did not err in denying an evidentiary hearing on this claim. **Sneed**, 45 A.3d at 1115.

Wilkinson's second ineffectiveness claim concerns police testimony that a "couple other people" had described the shooter as a bald male in his forties. N.T., 10/24/17, at 48. Trial counsel moved for a mistrial, asserting that the Commonwealth had not notified the defense about these other statements of identification. **Id.** at 48–49. The trial court denied the motion for mistrial

- 6 -

after ruling that the Commonwealth could lay a foundation to admit the testimony as an excited utterance.  *Id.* at 51–52.  On direct appeal, this Court found that any error in admitting this hearsay testimony was harmless.  *Wilkinson*, 248 A.3d 472, 2021 WL 72379, at *6.  We found no merit to Wilkinson's claim that the prosecution had improperly withheld the statements before trial, as there was no record that Wilkinson had requested discovery.  *Id.* at *7.  We noted that even if Wilkinson had proven a discovery violation, it would have been harmless error.  *Id.* at *7 n.10.

Wilkinson argues that trial counsel was ineffective for failing to request discovery before trial.  He emphasizes the difficulty in defending against prejudicial identifications by unnamed witnesses.  Wilkinson submits that if trial counsel had requested discovery, he could have moved to exclude this evidence or prepared to cross-examine the officer.  He concludes that trial counsel's failures resulted in evidence that ambushed the defense and prejudiced him.

The PCRA court found that Wilkinson could not show that trial counsel's error prejudiced him.  PCRA Court Opinion, 3/27/23, at 8.  We agree.  As this Court noted on direct appeal, any identification evidence by unnamed bystanders was merely cumulative of Ms. Warren's spontaneous description of Wilkinson as the man who shot Mr. Brown.  The PCRA court did not err in denying an evidentiary hearing on Wilkinson's second claim of ineffectiveness.  *Sneed*, 45 A.3d at 1115.

Wilkinson's third ineffectiveness claim involves the identification by Ms. Warren and Mr. Brown, both of whom were shown a single photograph of Wilkinson. Wilkinson argues that trial counsel was ineffective for failing to challenge this procedure before trial as being unduly suggestive.

The PCRA court found that a pre-trial motion to suppress the witnesses' identification would have failed:

> [T]he identification witnesses knew [Wilkinson] (he is the husband of Ms. Warren's cousin), viewed [Wilkinson] at close range during the incident, and [Ms. Warren] identified [Wilkinson] by name prior to viewing the photo. As the witness knew the suspect, as both [Mr. Brown and Ms. Warren] did here, there would have been no basis for trial counsel to move to suppress their identification testimony simply because the officer showed them a single photo. **See Commonwealth v. Jones**, 426 A.2d 1167, 1170–71 (Pa. Super. 1981) ([finding no merit to an allegation that identification testimony was tainted where the witness knew the defendant prior to the robbery, viewed him at close range, and identified him by name prior to being shown a single photo]).

PCRA Court Opinion, 3/27/23, at 8–9.

We agree with the PCRA court that Wilkinson has not shown this claim has arguable merit. Even where an identification procedure is unduly suggestive, a suppression claim will fail where there is a reliable, independent basis for the identification. **Commonwealth v. Davis**, 17 A.3d 390, 394 (Pa. Super. 2011) (citing **Commonwealth v. Fisher**, 769 A.2d 1116, 1127 (Pa. 2011)). Here, Ms. Warren knew Wilkinson and had named him as the shooter prior to the police showing her his photograph. As the PCRA court observed, this is an independent basis for Ms. Warren's knowledge of Wilkinson. Because a suppression motion would have failed, Wilkinson has not shown arguable

merit, and the PCRA court did not err in denying an evidentiary hearing on Wilkinson's third claim of ineffectiveness.

Wilkinson's fourth ineffectiveness claim involves police testimony that Ms. Warren identified the shooter as "a black male, 40s, bald head." N.T., 10/24/17, at 43. Wilkinson argues that trial counsel was ineffective in failing to object on the basis of hearsay. If this testimony had been excluded, he reasons, there would be no corroboration of the description from the "other people" that this Court held was harmless.

The PCRA court found no arguable merit to this claim because Ms. Warren's description was an excited utterance, and therefore admissible under an exception to the rule against hearsay. PCRA Court Opinion, 3/27/23, at 7. This Court held on direct appeal that this testimony was properly admitted:

> Ms. Warren's description would be admissible pursuant to the excited utterance exception at [Pa.R.E.] 803(2), as independent corroborating evidence demonstrated that Ms. Warren had provided this spontaneous description of the shooter immediately after witnessing her husband being shot. In addition to Ms. Warren's own testimony, a recording of her 911 call was also played for the jury, providing further corroboration of her having witnessed the shooting.

**Wilkinson**, 248 A.3d 472, 2021 WL 72379, at *6 (record citations omitted). Furthermore, Ms. Warren testified at trial, allowing trial counsel to examine her about her description of the shooter. Because the challenged evidence was admissible, trial counsel was not ineffective for failing to object, and the PCRA court properly denied an evidentiary hearing on Wilkinson's fourth claim of ineffectiveness.

Wilkinson's fifth ineffectiveness claim centers on threatening text messages that Ms. Warren received from an unknown number soon after the shooting. During Ms. Warren's testimony, the Commonwealth showed Ms. Warren an exhibit of the text messages. Ms. Warren identified the exhibit as accurately reflecting the messages she received, and the Commonwealth asked to publish the exhibit to the jury. Trial counsel joined in an objection based on hearsay and authentication. The trial court overruled the objection and allowed the exhibit for the limited purpose of showing its effect on Ms. Warren. On direct appeal, this Court held that the text messages were properly authenticated. **Wilkinson**, 248 A.3d 472, 2021 WL 72379, at *7–8.

Wilkinson argues that trial counsel should have objected earlier—when the Commonwealth showed the exhibit to Ms. Warren. He asserts that the text messages were unduly prejudicial, trial counsel should have objected to their admission, and he would have received a different verdict if the messages were properly excluded.

The PCRA court found that Wilkinson failed to demonstrate that trial counsel's error prejudiced him. PCRA Court Opinion, 3/27/23, at 5–7. We observe that this claim lacks arguable merit; trial counsel sufficiently argued against the admission of the text messages when he joined in an objection to prohibit the jury from seeing the exhibit. Wilkinson has not shown how trial counsel's arguments would have been received any differently had the objection come earlier in Ms. Warren's testimony. Rather, as this Court held, the text messages were properly admitted with a limiting instruction as to

their effect on Ms. Warren and Mr. Brown. ***Wilkinson***, 248 A.3d 472, 2021 WL 72379, at *8. Because Wilkinson's fifth ineffectiveness claim lacks merit, the PCRA court did not err in denying an evidentiary hearing. ***Sneed***, 45 A.3d at 1115.

In sum, the PCRA court properly denied an evidentiary hearing based on its consideration of the ineffective assistance of counsel claims in Wilkinson's petition. Because all of Wilkinson's claims of lack merit, we affirm the denial of Wilkinson's PCRA petition.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/14/2023

- 11 -